IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE DEVIN MCGHEE, | § | |
| (SPN #01573362) | § | |
| | § | |
| vs. | § | CIVIL ACTION H-14-1538 |
| | § | |
| STATE OF TEXAS | § | |
| | § | |

**MEMORANDUM AND OPINION**

Ronnie Devin McGhee filed a federal petition for a writ of habeas corpus. The threshold issue is whether McGhee's federal petition must be dismissed for failure to exhaust available state-court remedies.

On-line research reveals that on November 24, 2013, McGhee was arrested on charges of aggravated assault with a deadly weapon (Cause Number 1409587). McGhee alleges that he has been denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI (guaranteeing that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions). The Texas Constitution contains a similar speedy trial guarantee. *See* Tex. Const. art. I, § 10.

A petitioner may not seek pretrial habeas relief under 28 U.S.C. § 2254. "[T]hat section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (quoting 28 U.S.C. § 2254(a) and (b)). Pretrial petitions seeking relief may be filed only under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson*, 816 F.2d at 224;

*see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973).[1] Such relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a Sixth Amendment speedy trial claim or bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224. But even if McGhee's request for speedy trial relief is construed as a claim for pretrial habeas relief under 28 U.S.C. § 2241(c), it cannot proceed.

To be eligible for pretrial habeas relief under 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224. McGhee satisfies the "in custody" requirement because he is incarcerated in the Harris County Jail. But he has not exhausted the available state remedies on his speedy trial claim. He has not filed a petition for a writ of mandamus in the Texas Court of Criminal Appeals seeking to enforce his speedy trial right. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting a mandamus petition seeking to compel a district court to set for trial or dismiss a pending indictment); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting a mandamus petition seeking to compel a district court to set a case for trial). McGhee's pleadings make clear that he has not filed a state application presenting the speedy trial claim. Nothing in the record shows that he has pursued a petition for a writ of mandamus in the Court of Criminal Appeals. (Docket Entry No. 1, Federal Petition, p. 6). *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect before the 1977 amendment to Article V, Section 5 of the Texas Constitution). Texas has adequate and effective state procedures for obtaining a speedy trial.

---

[1] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3)[h]e is in custody in violation of the constitution or laws or treaties of the United States."

In the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider McGhee's speedy trial claim, it must be dismissed for failure to exhaust state remedies.

McGhee's federal petition for a writ of habeas corpus is denied. McGhee's motions to proceed in forma pauperis, (Docket Entries Nos. 2, 6), are granted. All remaining pending motions are denied as moot. This case is dismissed without prejudice. The order to respond entered on July 24, 2014, (Docket Entry No. 8), is vacated.

There is no basis to issue a Certificate of Appealability. The standard for issuance is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). When, as here, the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability may not issue unless the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484.

McGhee has not made the necessary showing, and a certificate of appealability will not issue.

SIGNED on July 30, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge